Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Jeffrey D. Baltruzak (*pro hac vice* forthcoming)
jbaltruzak@jonesday.com
Daniel Paul Johnson (*pro hac vice* forthcoming)
dpjohnson@jonesday.com
JONES DAY
500 Grant Street Suite 4500
Pittsburgh, PA 15219
Telephone: +1.412.391.3939
Facsimile: +1.412.394.7959

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a private public-benefit nonprofit corporation; JEWISH VOICES FOR PEACE ("JVP"), a business organization, form unknown; STUDENTS FOR JUSTICE IN PALESTINE ("SJP"), a business organization, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-CV-6375<br><br>[Removed from Los Angeles Superior Court, Case No. 25STCV20404]<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453**<br><br>**[FEDERAL QUESTION AND CAFA JURISDICTION]**<br><br>Complaint Filed: July 8, 2025 |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant UNIVERSITY OF SOUTHERN CALIFORNIA ("USC"), hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453. For the reasons set forth below, this Court has original subject matter jurisdiction over this action for two independent reasons.

*First*, because Plaintiffs bring federal causes of action, this Court has federal question jurisdiction over those claims under 28 U.S.C. § 1331. And since state-law claims arise from the same operative facts as the federal claims, the Court has supplemental jurisdiction over the state-law claims as well. 28 U.S.C. § 1367.

*Second*, the Court independently has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 putative class members.

In support of this removal, USC states the following:

**PLAINTIFFS' PRIOR ACTION WAS REMOVED AND THEN DISMISSED**

1. This is the second time that these Plaintiffs, represented by the same counsel, have filed putative class claims against USC predicated on alleged campus protests.

2. On May 15, 2024, Plaintiff "DOE Jewish Faculty Member 2004" filed a putative class action complaint stemming from campus protests in the Spring of 2024 entitled *DOE Jewish USC Faculty Member 2004 v. Trustees of the University of Southern California*, Case No. 24STCP01592, in the Superior Court of the State of California for the County of Los Angeles ("Prior Action").

3. On June 5, 2024, Plaintiff "DOE Jewish Faculty Member 2004," along with plaintiff "DOE Jewish USC Student 1987," filed an amended putative class action complaint in the Prior Action, bringing the same set of claims against USC in

connection with last year's campus protests (the "First Amended Complaint"). In particular, in the First Amended Complaint, Plaintiffs asserted claims for violations of the Bane, Unruh and Ralph civil rights acts, as well as claims for negligence, breach of contract, assault, battery, declaratory relief, and injunctive relief. The two Plaintiffs, who assert they are a USC professor and USC student, brought the First Amended Complaint on behalf of themselves and a putative class.

4. On July 8, 2024, USC removed the Prior Action to federal court under the Class Action Fairness Act. USC's notice of removal demonstrated minimal diversity, an amount in controversy in excess of $5,000,000, and more than 100 putative class members. *See Doe Jewish USC Faculty Member 2004 et al v. University of Southern California et al.*, No. 2:24-cv-05712 (C.D. Cal. Jul. 8, 2024), ECF No. 1.

5. Though Plaintiffs contested removal, Judge Fernando Aenlle-Rocha agreed that all the CAFA requirements were satisfied, that no exceptions applied, and that the Prior Action belonged in federal court. *Id.* at ECF 69 (Jan. 3, 2025) (Order Discharging Order to Show Cause and Denying Plaintiffs' Motion to Remand).

6. The Prior Action continued, and Judge Aenlle-Rocha granted USC's motion to dismiss Plaintiffs' First Amended Complaint and to strike their class allegations in full. *Id.* at ECF 72 (Mar. 4, 2025). Judge Aenlle-Rocha dismissed some claims with prejudice, and granted Plaintiffs leave to amend certain claims. *Id.* On March 18, 2025, Plaintiffs filed their Second Amended Complaint on March 18, 2025. *Id.* at ECF 77. USC then moved to dismiss that complaint as well. *Id.* at ECF 78. That motion was fully briefed, and the Court took it under submission on April 28, 2025. *Id.* at ECF 83.

7. Notwithstanding the fully briefed motion to dismiss, Plaintiffs filed a Notice of Voluntary dismissal on June 23, 2025. *Id.* at ECF 84. The Court entered an order dismissing the Prior Action on June 24, 2025.

**THE CURRENT ACTION**

8. Plaintiffs electronically filed the current action on July 9, 2025 in the Los Angeles County Superior Court. *Doe Jewish USC Fac. Member 2004 v. Univ. of S. Cal.,* No. 25STCV20404 (Cal. Super. Ct. Jul 9, 2025) ("Current Action"). Again, Plaintiffs' complaint seeks injunctive relief, declaratory relief, compensatory damages, and attorneys' fees and costs in connection with campus protests in the Spring of 2024 ("Current Complaint").

9. As a preliminary matter, USC denies the factual allegations in all of Plaintiffs' complaints and denies that: (i) it has any liability to Plaintiffs or any members of the putative class they seek to represent; (ii) any class can be or should be certified in this action; and (iii) Plaintiffs or any putative class members are entitled to any damages or relief in this matter. USC will answer the Current Complaint in full at the appropriate time. That said, for the reasons set forth below, all requirements of both federal question jurisdiction and CAFA jurisdiction are satisfied. Removal of the Current Action to the United States District Court for the Central District of California is proper.

10. By filing this Notice of Removal, USC does not waive any defense.

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

11. This notice of removal is timely. USC has not been served with a copy of the summons and complaint, and so the time limit to remove has not yet run. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).[1] USC "d[oes] not have to wait until Plaintiffs served it with the Complaint and Summons before removing the case. A complaint need only be filed to be removable." *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214 (D. Haw. 2010).

---

[1] USC states that it first obtained a copy of the filed Current Complaint through its counsel, who accessed it using Bloomberg Law on July 11, 2025.

12. USC has not yet answered or otherwise responded to the Current Complaint, nor has its time to respond expired.

13. No "process, pleadings, [or] orders" have yet been "served upon [USC]." 28 U.S.C. § 1446(a). Nevertheless, a copy of the Current Complaint filed with the Los Angeles Superior Court is attached hereto as **Exhibit A.**

14. Pursuant to 28 U.S.C. § 1446(d), USC will file a copy of this Notice of Removal with the clerk of the Los Angeles Superior Court, and will serve Plaintiffs through their attorney of record with this Notice promptly after its filing.

## VENUE

15. Removal to this federal judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Current Action was originally pending in this judicial district, namely Los Angeles Superior Court.

## SUBJECT MATTER JURISDICTION – FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

16. The action is removable under 28 U.S.C. § 1441(a). The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. That section provides the court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. Counts 10 and 11 of the present complaint arise under the laws of the United States. Count 10 purports to state a violation of the Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). And Count 11 purports to state a violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981). The remaining counts are state-law claims arising from the same operative allegations that underpin the federal claims. *See* 28 U.S.C. § 1367.

17. Plaintiffs sued other Defendants in addition to USC in the Current Action, but the consent of any other defendant is unnecessary for removal because, on information and belief, no other Defendant has been served. *See*, *e.g.*, *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214 (D. Haw. 2010) ("Defendants who have not been served … are not required to join in the removal"); *accord Doe v. CRST*

*Expedited, Inc.*, 2023 WL 3564781, at *3 n.3 (C.D. Cal. Mar. 30, 2023) (citing *id*.). Nothing on the state court docket or elsewhere indicates that any other Defendant has been served with a copy of the summons and complaint.

18. Accordingly, removal is proper on this basis alone.

## SUBJECT MATTER JURISDICTION - CAFA

19. Additionally and independently, the Court has original subject matter jurisdiction over the Current Action pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2).

20. Under CAFA, a district court has original jurisdiction over any civil action styled as a class action in which: (i) the number of members of the proposed plaintiff class is not less than 100, in the aggregate; (ii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) any member of a class of plaintiffs is a citizen of a State or country different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(5); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020). If a state court putative class action meets all three requirements, it may be removed to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."); *see also Benko v. Quality Loan Service Corp.*, 789 F.3d. 1111, 1116 (9th Cir. 2015) ("CAFA's language favors federal jurisdiction over class actions") (internal citation and quotation omitted). As set forth below, all requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

21. Moreover, "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2015) (internal quotation and citation omitted). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading," and "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quotation marks and citations omitted). Any

defendant may remove under CAFA, and the consent of one's co-defendants is unnecessary. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 445 (2019).

22. In the Prior Action, considering a nearly identical complaint and identical proposed classes, Judge Annelle-Rocha found USC satisfied all three CAFA requirements and denied Plaintiffs' motion to remand. *See* Prior Action, No. 2:24-cv-05712, ECF 69 (Jan. 3, 2025).

### The Proposed Class Has More Than 100 Members.

23. The number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' allegations center around campus protests at USC in the Spring of 2024. They seek to certify a class of Jewish USC faculty members and Jewish students. And they expressly allege that "there are over 7,000 full-time Jewish USC faculty members" and "over 3,000 full-time Jewish USC students." Current Complaint ¶ 129. As discussed in the accompanying Declaration of Frank Chang, attached hereto as **Exhibit B**, USC does not require its students to disclose their religious affiliation to USC, and, as a result, it does not know the religious affiliation of the vast majority of its students. *See* Ex. B, Chang Decl., ¶ 3.[2] However, over 100 students enrolled in USC in the Spring of 2024 have self-reported their religious affiliation as Jewish to USC's Registrar's Office. *Id.*, ¶ 4. Accordingly, the proposed class has more than 100 members. Indeed, the class here is indistinguishable from the class that these Plaintiffs previously attempted to allege, and for which Judge Annelle-Rocha previously concluded it was "more likely than not" that the number of putative class members exceeds 100. *See* Prior Action, No. 2:24-cv-05712, ECF 69 (Jan. 3, 2025) (Order denying Plaintiffs' motion for remand).

---

[2] The Chang Declaration was also filed when USC removed the Prior Action. *See* Prior Action, No. 2:24-cv-05712 at ECF No. 1, Ex. B. Because Plaintiffs bring the same class and continue to focus on the alleged campus protests in the Spring of 2024, the facts stated in the Chang Declaration continue to apply.

**The Amount In Controversy Exceeds $5 Million.**

24. Plaintiffs do not plead a specific amount of damages, though the amount in controversy ("AIC") is ascertainable from the allegations set forth in the complaint about the "amount at stake." *See Greene*, 965 F.3d at 771 (courts "first look to the complaint" to determine the amount in controversy). "'Amount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Id.* (emphasis added); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."). In short, to meet CAFA's AIC requirement, a defendant needs only to "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772; *see also Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Korn*, 536 F. Supp. 2d at 1204-05 ("a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages").

25. "Among other items, the amount in controversy includes damages . . . the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes . . . ." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *see also Greene*, 965 F.3d at 774 n.4 ("A defendant does not need to prove to a legal certainty that a plaintiff will be awarded the proffered attorneys' fees in the removal notice") (internal quotation and citation omitted).

26. Here, Plaintiffs seek damages for an alleged "reign of terror" by "Campus Terrorists" that lasted "for weeks on end" intended to "terrorize, intimidate, assault, and shame Jewish Students and Faculty members" and placed them "at severe emotional and physical risk." Current Complaint ¶¶ 4, 8, 32, 6, and 17. According

to Plaintiffs, USC has allowed "severe and pervasive" antisemitism to "fester," and its conduct is an "egregious violation" of the civil rights laws. *Id.* at ¶¶ 77, 80, 88. Plaintiffs claim that as a result, Plaintiffs "have been robbed of a healthy and safe college and graduate school experience." *Id.* at ¶ 89. In other antisemitism cases, as Judge Aenlle-Rocha pointed out in denying remand of the Prior Action, damages under the civil rights laws have reached figures up to $180,000 to individual Plaintiffs. *See* Prior Action, No. 2:24-cv-05712, ECF 69, at *7-8 (Jan. 3, 2025). The caselaw in California supports an AIC in excess of $5.5 million based on civil rights damages alone. *Id*. at *9 ("Assuming conservatively a minimum class size of 100 and an award of $55,000 to each class member pursuant to the Unruh Act, the total damages are $5.5 million, satisfying the AIC requirement.").[3]

27.     Plaintiffs also assert that USC "must now be compelled to implement institutional, *far-reaching*, and concrete remedial measures." Current Complaint at ¶ 89 (emphasis added). Plaintiffs ask for preliminary and permanent injunctive relief that would seemingly apply to all "available USC programs, activities, [and] campus areas." *Id*. ¶ 39. The costs of the wide ranging relief that Plaintiffs purport to seek would further increase the AIC.

28.     In addition, Plaintiffs seek recovery of attorneys' fees, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction. *See id.* at p. 58.

---

[3] To be clear, USC denies that it has any liability in this matter whatsoever and will answer the Current Complaint fully in due course. That said, the Court must assume the merits of Plaintiffs' claims when evaluating its jurisdiction under CAFA, including when calculating the AIC. *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).1  The AIC "does not mean likely or probable liability; rather, it refers to possible liability." *Jauregui v. Roadrunner Trans. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (quotation marks omitted). Once these required assumptions are applied, the AIC easily exceeds $5 million.

29. Without conceding liability, the appropriateness of class treatment and injunctive relief, the validity of Plaintiffs' allegations or claims for relief, or that awarding attorneys' fees is appropriate, it is clear that here, "the potential liability exceeds $5 million" and the AIC requirement under CAFA is satisfied. *Greene*, 965 F.3d at 772.

**There Is Minimal Diversity Between the Parties.**

30. In this matter, minimal diversity exists because USC and members of the alleged putative class are citizens of different states and countries. 28 U.S.C. § 1332(d)(2).

31. USC is a private, not-for-profit, public benefit corporation organized and existing under the laws of the State of California. Thus, USC is a citizen of California. Further, USC is not a state, state official, or other governmental entity.

32. The Current Complaint is silent as to Plaintiffs' citizenship. Their citizenship, however, is not essential for establishing CAFA jurisdiction because even if they are citizens of California: (i) at least one member of the putative class is a citizen of a state other than California, and (ii) at least one member of the putative class is a foreign citizen. *See* 28 U.S.C. § 1332(d)(2) (only requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State" for minimal diversity). Specifically, more than one of the USC students who have self-reported their religious affiliation as Jewish to USC's Registrar's Office are from states outside of California (including at least one from New York), and at least one is a citizen of a country outside of the United States (including one from Guatemala). *See* Ex. B, Chang Decl., ¶ 4. Judge Anelle-Rocha previously agreed that such evidence satisfies CAFA's minimal diversity requirement. *See* Prior Action, No. 2:24-cv-05712, at ECF 69, at *5-6 (Jan. 3, 2025).

33.     Further, Plaintiffs' proposed classes include Jewish USC faculty members and USC students regardless of their citizenship.  Given that a substantial part of USC's student body consists of students from outside California, the idea that *every* Jewish student at USC is a citizen of California "is simply beyond belief." *Hicks v. Grimmway Enterprises, Inc.*, No. 22-CV-2038, 2023 WL 3319362, at *8 (S.D. Cal. May 9, 2023) (where class of purchasers was not limited to California citizens, the "contention that not one of those products was purchased by a non-California, non-Delaware citizen is simply beyond belief."); *see also King v. Safeway, Inc.*, No. C-08-0999, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 2008) (defendant showed minimal diversity where class consisted of "persons in the State of California" who purchased a product and the defendant had stores near other states); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 163 (D. Mass 2007) ("[T]his putative class that is composed entirely of residents of Massachusetts, does not, by definition, foreclose the inclusion of non-citizens as well.  This suffices to support the assertion of federal jurisdiction in this [CAFA] case.").  Accordingly, the minimal diversity requirement is therefore satisfied.

### Plaintiffs May Not Circumvent the Previous CAFA Removal.

34.     Finally, and alternatively, even if the present complaint were not removable under CAFA (and it is), Plaintiffs may not circumvent the previous CAFA removal merely by dismissing the removed case and refiling it in state court.

WHEREFORE, USC notices the removal of this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453.

Dated: July 11, 2025

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
    Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA