Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Jeffrey D. Baltruzak (*pro hac vice* forthcoming)
jbaltruzak@jonesday.com
Daniel Paul Johnson (*pro hac vice* forthcoming)
dpjohnson@jonesday.com
JONES DAY
500 Grant Street Suite 4500
Pittsburgh, PA 15219
Telephone: +1.412.391.3939
Facsimile: +1.412.394.7959

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a private public-benefit nonprofit corporation; JEWISH VOICES FOR PEACE ("JVP"), a business organization, form unknown; STUDENTS FOR JUSTICE IN PALESTINE ("SJP"), a business organization, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-CV-6375<br><br>[Removed from Los Angeles Superior Court, Case No. 25STCV20404]<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S NOTICE OF RELATED CASES [L.R. 83-1]**<br><br>Complaint Filed: July 8, 2025 |

As required by Local Rules 83-1.2 and 83-1.3.1(a)-(c), Defendant University of Southern California ("USC") hereby provide notice of the following related case:

***Doe Jewish USC Faculty Member 2004 et al v. University of Southern California et al.***, **No. 2:24-cv-05712 (C.D. Cal. Jul. 8, 2024) ("the Prior Action")**, which was previously assigned to Judge Aenlle-Rocha.

On July 8, 2024, USC removed the Prior Action to federal court under the Class Action Fairness Act.  *See* Prior Action, No. 2:24-cv-05712 (C.D. Cal. Jul. 8, 2024). Judge Aenlle-Rocha presided over the Prior Action for nearly a year.  During that time, he oversaw the litigation and denied Plaintiffs' motion to remand (*id*. at ECF Nos. 9, 17, 18, 25, 26, 69), granted USC's first motion to dismiss and strike in full (*id*. at ECF Nos. 10, 39, 52), and permitted the filing of an amended complaint (*id*. at ECF No. 77).  After Judge Aenlle-Rocha took USC's fully-briefed second motion to dismiss under submission, Plaintiffs filed a Notice of Voluntary Dismissal on June 23, 2025, and Judge Aenlle-Rocha dismissed the Prior Action on June 24, 2025.  *Id.* at ECF at 84, 85.

Less than one month later, Plaintiffs have now refiled (the "New Action"), and USC has again removed it to this Court.  The complaint in the New Action is nearly identical to the various complaints in the Prior Action (many allegations are copied word-for-word).  Plaintiffs' allegations again center on USC and again concern campus protests and encampments in the Spring of 2024.  The vast majority of Plaintiffs' claims are the same in the New Action as in the Prior Action: in both cases, Plaintiffs filed claims under the Bane Act, Unruh Act, and Ralph Act, as well as for negligence, negligent infliction of emotional distress, assault, battery, breach of contract, and seek injunctive and declaratory relief.  That Plaintiffs have now chosen to also name two additional defendants in the New Action does not alter this analysis.  Given the nearly identical claims and allegations brought against USC in the New Action, and Judge Aenlle-Rocha's prior work on the motions to remand and dismiss in the Prior Action, there would be a substantial duplication of labor if this case is

assigned to a different judge. Indeed, in cases like these where Plaintiffs dismiss and re-file, L.R. 83-1.2.2 dictates that "the later-filed action shall be assigned to the judge to whom the first-filed action was assigned."

Accordingly, USC respectfully submits this Notice of Related Cases pursuant to its obligations under the Local Rules. *See* L.R. 83-1.2.2 (requiring notice to inform Court of new refiled action with "same or essentially the same claims, involving the same or essentially the same parties"); 83-1.3.1(a)-(c) (requiring notice when a new matter arises from the same transaction as a prior matter, involves the same claims, or would otherwise "entail a substantial duplication of labor" if heard by a different Judge).

Dated: July 11, 2025

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA