# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, et al., <br><br>  Plaintiff(s), <br><br>  v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA, et al., <br><br>  Defendant(s). | Case No. <br> 2:25−cv−06375−MWC−RAO <br><br> **STANDING ORDER REGARDING NEWLY ASSIGNED CASES** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

This action has been assigned to the calendar of Judge Michelle Williams Court. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. "To secure the just, speedy, and inexpensive determination of every action," Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 1, all parties or their counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P., particularly Fed. R. Civ. P. 16, 26, the Local Rules of the Central District of California, and this Court's Orders.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

1. **Service of the Complaint.** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to the Local Rules. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

2. **Removed Actions.** Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be re-noticed in accordance with the Local Rules. If an action is removed to this Court that contains a form pleading (i.e., a pleading in which boxes are checked), the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

3. **Presence of Lead Counsel.** The attorney attending any proceeding before this Court, including all status and settlement conferences, must be the lead trial counsel.

4. **Filing.** The Court's CM/ECF system is available 24/7 for electronic filing of documents. Parties may register for access to PACER. For more information, please visit the Court's website.

Unrepresented litigants who cannot electronically file their documents in the CM/ECF system may mail their filings to the Clerk of Court at 255 E. Temple Street, Suite TS-134, Los Angeles, CA 90012-3332 or submit documents for filing through the Court's Electronic Document Submission System (EDSS). For additional filing information, please visit the Court's website, scroll down to the box labeled "People without Lawyers," and click "Questions and Answers."

Attorneys who are required to manually file documents pursuant to the Local Rules must mail their filings to the Clerk of Court at the above address.

Non-paper physical exhibits exempted from electronic filing shall be sent via U.S. Mail or other commercial delivery to the Clerk of Court at the above address.

**5.** **Discovery.** All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the Magistrate Judge with chambers copies of the moving papers and responses consistent with the corresponding judge's procedures.

**6.** **Motions – General Requirements.**

a. Time for Filing and Hearing Motions: Motions shall be filed in accordance with Local Rules 6 and 7. This Court hears motions on Fridays, beginning at 1:30 p.m. If the motion date selected is not available, the Court will issue a minute order striking the motion. (Counsel are advised to check the availability of a selected date *immediately* prior to filing the motion.) Opposition or reply papers due on a holiday must be filed the preceding business day (i.e., Thursday)–not the following business day (i.e., Monday)–and must be

hand-delivered or emailed to opposing counsel on the preceding business day. Professional courtesy dictates that moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Thursday preceding a holiday. Such a filing is likely to cause a requested continuance to be granted.

Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.

b. <u>Pre-filing Requirement</u>: Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *pro per* status of one or more parties does not negate this requirement.

c. <u>Length and Format of Motion Papers</u>: Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to the Local Rules, either a proportionally spaced or monospaced font may be used. A proportionally spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10½ characters per inch. These typeface requirements apply to footnoted material. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to PDF format so when a document is electronically filed, it is in proper size and is text-searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

d. <u>Documents with Declarations, Exhibits, and Other Attachments</u>: If a filed or lodged document has declarations, exhibits, or other attachments, each of

these must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration).

  e. <u>Citations to Case Law</u>: Citations to case law must identify not only the case cited, but the specific page referenced. Citations to cases must be in Bluebook format. Counsel may omit parallel citations. For unreported cases, the Court prefers Westlaw citations.

  f. <u>Citations to Other Sources</u>: Statutory references should identify with specificity the sections and subsections referenced (e.g., Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district court jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references that do not specifically indicate the appropriate section and subsection (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. §§ 2511, et seq.) are to be avoided. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

  g. <u>Oral Argument</u>: The Court strongly prefers counsel to appear in person for motion hearings and pretrial and settlement conferences. Requests for a remote appearance will only be considered upon a written application filed at least seven (7) days before the hearing and supported by an appropriate declaration establishing good cause.

  If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

  The Court encourages parties to permit less experienced lawyers, including lawyers from historically under-represented groups, to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least seven (7) days before a scheduled hearing stating that

junior counsel, including lawyers from historically under-represented groups, will conduct the argument, or most of it.

**7.     Specific Motion Requirements.**

a.     <u>Motions Pursuant to Rule 12</u>: Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint once as a matter of course within twenty-one (21) days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is greater." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or the time for amending it as a matter of course has run, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances the moving party should agree to any amendment that would cure the defect.

b.     <u>Motions to Amend</u>: In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; (3) state the page and line number(s) and wording of any proposed change or addition of material; and (4) include as an attachment a "redlined" version of the proposed amended pleading indicating all additions and deletions

of material.

        c.    <u>Summary Judgment Motions</u>: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least forty-nine (49) days prior to the date on which the motion is noticed for hearing. The opposition is due not later than twenty-one (21) days before the date designated for the hearing of the motion, and the reply not later than fourteen (14) days before the date designated for the hearing of the motion. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices). The parties are to comply precisely with Local Rule 56-1 through 56-4. No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.

        i.    *<u>Statement of Undisputed Facts and Statement of Genuine Issues</u>*: The separate statement of undisputed facts shall be prepared in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

    The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly

indicate which part is being disputed, followed by the opposing party's evidence controverting the fact. The court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

ii. *Supporting Evidence*: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of opposition to a motion for summary judgment. The court will not consider such material. Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The court will accept counsel's authentication of deposition transcripts, written discovery responses and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

   iii. *Objections to Evidence*: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document.

  **8.** **Proposed Orders.** Each party filing or opposing a motion or seeking the determination of any matter shall serve, and electronically lodge, a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. Proposed Orders must be on pleading paper and must not include attorney information on the caption page, should not contain a footer with the document name or other information, and should not contain a watermark or designation of the firm name in the margin. In addition, a copy of the proposed order in Word format shall be emailed directly to the Court's chambers email address at MWC_Chambers@cacd.uscourts.gov on the date the document is electronically filed. If the proposed order is based on a stipulation or an ex parte application, counsel must email both the order and the stipulation or ex parte application. Otherwise, accompanying documents (such as motions) should *not* be emailed to chambers.

  **9.** **Chambers Copies.** Please do *not* provide chambers/courtesy copies. In the rare instance in which the Court would like chambers copies for a particular situation, the Court will issue an order requesting them.

  **10.** **Telephonic Hearings.** The Court does not permit appearances or arguments by way of telephone conference calls.

  **11.** **Ex Parte Applications.** The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to Local Rule 7-19 will not be considered,

except on a specific showing of good cause.

Counsel for the applicant must provide advance notice of the application by telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1. Oppositions to ex parte applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by email as soon as possible.

**12.** **TROs and Injunctions.** Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**13.** **Continuances.** This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue the date of any matter before this Court *must* be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance must lodge a proposed stipulation and order including a *detailed* declaration of the grounds for the requested continuance or extension of time. The requesting party must also set forth: whether there have been prior requests for extension, whether these requests were granted by the Court, a description of the diligence of the party seeking the continuance, and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request without further

notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

**14.  Communications with Chambers.** Counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means unless contact has been first initiated by chambers staff. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the Court. Counsel may contact the Courtroom Deputy Clerk with *appropriate* inquiries only. The preferred method of communication with the Courtroom Deputy Clerk is email. To facilitate communication with the Courtroom Deputy Clerk, counsel should list their email addresses along with their telephone numbers on all papers.

**15.  Order Setting Scheduling Conference.** Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order setting a Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

**16.  Alternative Dispute Resolution (ADR).** This Court participates in the Court-Directed ADR Program. If counsel have received a Notice to Parties of Court-Directed ADR Program (ADR-08), the case will be presumptively referred to the Court Mediation Panel or to private mediation at the time of the initial scheduling conference. *See* General Order 11-10, § 5.1. Counsel should include their shared or separate views regarding a preference for the Court Mediation Panel or private mediation, and when the mediation should occur, in the written report required by Fed. R. Civ. P. 26(f) and Local Rule 26-1. This Court generally does not refer settlement conferences to magistrate judges. For information about the Court's ADR Program, the Mediation Panel, and mediator profiles, visit the "ADR" page of the Court website.

**Notice of this Order**. Counsel for plaintiff or plaintiff (if appearing on his or her behalf) shall immediately serve this Order on all parties, including any new

parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

Dated: July 18, 2025

_____
HON. MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE