UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>              Defendants. | Case No. 2:25-cv-06375-FLA (SSCx)<br><br>**ORDER (1) GRANTING DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION TO STRIKE CLASS ALLEGATIONS [DKT. 19]; AND GRANTING IN PART DEFENDANT JEWISH VOICE FOR PEACE'S MOTION TO STRIKE CLASS ALLEGATIONS [DKT. 31]** |

1

**RULING**

On July 9, 2025, Plaintiffs Doe Jewish USC Faculty Member 2005 ("Professor") and Doe Jewish USC Student 1987 ("Student") filed the operative Class Action Complaint ("Complaint") in the Los Angeles County Superior Court, asserting claims against Defendants University of Southern California ("USC"), A Jewish Voice for Peace ("JVP," erroneously sued as Jewish Voices for Peace), and Students for Justice in Palestine ("SJP").  Dkt. 1-1 at 2–59 ("Compl.").[1]  On July 11, 2025, Defendant USC removed the action to this court.  Dkt. 1.[2]

On August 1, 2025, Defendant USC filed a Motion to Strike Class Allegations pursuant to Fed. R. Civ. P. ("Rule") 12(f) ("USC's Motion").  Dkt. 19.  On August 28, 2025, Defendant JVP filed a combined Motion to Dismiss pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f) ("JVP's Motion").  Dkt. 31.  Plaintiffs oppose the Motions.  Dkts. 27, 39.[3]  On September 11 and October 2, 2025, the court found these matters appropriate for resolution without oral argument and vacated the hearings on the Motions.  Dkts. 38, 48; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS USC's Motion, GRANTS in part JVP's Motion, and STRIKES Plaintiffs' class allegations from the Complaint,

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[2] As Plaintiffs have not yet filed proof of service of process on SJP, and SJP has not appeared in this action, the court refers to Defendants USC and JVP collectively, as "Defendants."

[3] Plaintiffs did not submit a certification of compliance with 7,000-word limit for briefs in connection with their Oppositions to the Motions, as required by Local Rules 11-6.1 and 11-6.2.  *See* Dkts. 27, 39.  This constitutes grounds to strike these documents.  *See* Local Rules 11-9, 83-7.  Nevertheless, the court will exercise its discretion to consider Plaintiffs' Oppositions and arguments on their merits.  Further violations of this court's rules and orders may result in the imposition of sanctions, including the striking of documents.

without leave to amend.  JVP's Motion to Strike is otherwise DENIED.  The court will address JVP's Motion to Dismiss pursuant to Rule 12(b)(6) in a separate order.

## **BACKGROUND**

Plaintiffs bring this putative class action relating to protests on USC's campus in Los Angeles, California, regarding the Israel-Hamas War in Gaza, Palestine.  *See generally*, Compl.  Plaintiffs allege USC allowed JVP, SJP, and "Campus Terrorists" "to roam freely on campus during class hours while shouting out hateful and violent antisemitic epitaphs and slogans like 'Global Intifada,' 'Student Intifada,' [and] 'From the River to the Sea, Palestine will be Free' … at Jews under the guise of 'lawful protests,'" and that "[h]atred of Jews was and is still allowed to flourish at USC functions and on USC property and facilities, including the public square."  *Id.* ¶ 6.  According to Plaintiffs, this behavior culminated in the creation of "what was effectively a 'Jew Exclusion Zone,' segregating Jewish students and preventing them from accessing the part of campus including classroom buildings and the main undergraduate library."  *Id.* ¶ 49.

Plaintiff Professor is a Jewish professor employed by USC, who seeks to bring this action individually and on behalf of "all other USC Jewish faculty members who are similarly situated."  *Id.* ¶ 92.  Plaintiff Student is a hybrid physical therapy student at USC's Health Science Campus, who seeks to bring this action individually and on behalf of "all others similarly situated."  *Id.* ¶¶ 103, 105.

On May 15, 2024, Plaintiff Professor filed a class action complaint against USC in the Los Angeles County Superior Court, in *Doe Jewish USC Faculty Member 2004 v. Trustees of the University of Southern California* (the "prior action"),[4] asserting nine causes of action for: (1) violation of the California Tom Bane Civil Rights Act ("Bane Act," Cal. Civ. Code § 52.1); (2) violation of the California Unruh Civil

---

[4] The prior action was assigned Case No. 24STCP01592 in the Los Angeles County Superior Court, and Case No. 2:24-cv-05712-FLA (SSCx) ("Case 24-5712") after removal to this court.

Rights Act ("Unruh Act," *id.* §§ 51, 52); (3) violation of the California Ralph Civil Rights Act of 1976 ("Ralph Act," *id.* § 51.7); (4) negligence; (5) breach of contract; (6) assault; (7) battery; (8) declaratory relief; and (9) injunctive relief.  Case 24-5712, Dkt. 1-8.  On June 5, 2024, Plaintiffs filed a first amended class action complaint ("prior action FAC") against USC, asserting the same claims against USC as in their original complaint while adding Student as a named Plaintiff.  *Id.*, Dkt. 1-7.  USC removed the prior action to this court on July 8, 2024.  *Id.*, Dkt. 1.

On July 15, 2024, USC moved to dismiss the prior action FAC and strike Plaintiffs' class allegations.  *Id.*, Dkt. 10.  On March 4, 2025, the court granted USC's motion, and (1) dismissed Professor's Unruh Act, negligence, assault, and battery claims without leave to amend; (2) dismissed Plaintiffs' claim for injunctive relief without leave to amend; (3) dismissed the remaining claims with leave to amend; (4) granted Plaintiff Student leave to assert a claim for negligent infliction of emotional distress ("NIED"); and (5) struck Plaintiffs' class allegations with leave to amend.  *Id.*, Dkt. 72 ("March 4, 2025 Order").

On March 18, 2025, Plaintiffs filed a second amended class action complaint ("prior action SAC"), asserting nine causes of action for: (1) violation of the Bane Act; (2) violation of the Unruh Act; (3) violation of the Ralph Act; (4) negligence; (5) NIED; (6) breach of contract; (7) assault; (8) battery; and (9) declaratory relief. *Id.*, Dkt. 77.  On April 1, 2025, USC moved to dismiss the prior action SAC on the grounds that Plaintiffs had not corrected the deficiencies identified in the March 4, 2025 Order.  *Id.*, Dkt. 78.  On April 11, 2025, Plaintiffs filed an opposition, requesting the court either deny the motion or grant Plaintiffs leave to file a third amended class action complaint with four additional causes of action.  *Id.*, Dkts. 81, 81-1.  The court took USC's motion under submission on April 28, 2025.  *Id.*, Dkt. 83.  On June 23, 2025, before the court issued its ruling on the motion, Plaintiffs voluntarily dismissed the prior action without prejudice.  *Id.*, Dkt. 84.

On July 9, 2025, Plaintiffs filed the operative Complaint in the Los Angeles County Superior Court, asserting twelve causes of action for: (1) violation of the Bane Act against all Defendants; (2) violation of the Unruh Act against all Defendants; (3) violation of the Ralph Act against all Defendants; (4) negligence against USC; (5) NIED against USC; (6) breach of contract against USC; (7) assault against all Defendants; (8) battery against all Defendants; (9) declaratory relief against USC; (10) violation of Title VI of the Civil Rights Act of 1964 ("Title VI," 42 U.S.C. § 2000d) against USC; (11) violation of 42 U.S.C. § 1981 ("§ 1981") against USC; and (12) violation of Cal. Educ. Code § 220 ("§ 220") against USC.  Compl. ¶¶ 138–239.  USC removed the action to this court on July 11, 2025.

## DISCUSSION

### I.     Legal Standard

Pursuant to Fed. R. Civ. P. ("Rule") 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quotation marks and citation omitted).  "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Id.* (cleaned up).

"Courts often regard motions to strike with disfavor, since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  "A motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  *Id.*  Nevertheless, "granting a motion to strike may be proper if it will make trial less

5

complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).  The decision to grant or deny a motion to strike lies within the sound discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

"As with motions to dismiss, when ruling on a motion to strike, the [c]ourt takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).  "[L]eave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment." *Id.*

## II.   Discussion

Defendants renew USC's request to strike Plaintiff's class allegations from the Complaint.  Dkt. 19 at 3; Dkt. 31 at 22.  JVP additionally moves to strike "impertinent, irrelevant, and inflammatory allegations" it contends "spuriously malign JVP as part of a Hamas-led conspiracy."  Dkt. 31 at 21–22.

### A.   Class Allegations

"A decision to grant a motion to strike class allegations … is the functional equivalent of denying a motion to certify a case as a class action[.]" *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017).  While class allegations can be stricken at the pleading stage, "it is in fact rare to do so in advance of a motion for class certification," since courts are reluctant to deny plaintiffs the opportunity to conduct discovery and develop a record. *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).  The Supreme Court, however, has recognized that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim[.]" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)."  A court may strike class allegations at the pleading stage "where plaintiffs [can] not make a *prima facie* showing of Rule 23's prerequisites or

that discovery measures [are] likely to produce persuasive information substantiating the class allegations." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

On March 4, 2025, the court struck Plaintiffs' class allegations with leave to amend, based on Defendants' unopposed arguments that Plaintiffs "ha[d] made no attempt to plead the existence of any of the requirements for class certification, including that their claims are typical of the alleged class, that they are adequate representatives, that common issues exist, or that common issues predominate." March 4, 2025 Order at 20.  Defendants renew this argument, and USC further argues Plaintiffs are not typical or adequate class representatives on the face of the Complaint because Plaintiffs seek to bring this action on behalf of all students and faculty who identify as Jewish, even though such classes would include "countless individuals who were not present on campus during the protests and who were not harmed by the protests" along with "countless individuals who supported or chose to participate in the protests," including the members of JVP, which the Complaint identifies as "the largest progressive Jewish anti-Zionist organization in the world."  Dkt. 19 at 7–9 (citing Compl. ¶ 9).

Plaintiffs respond "all Jewish Plaintiffs suffered the same harm as a result of USC's stated and unstated policy decisions – including the decision to unconstitutionally segregate Jewish students and faculty from the rest of the USC population," by allowing Defendants and "Campus Terrorists" to establish what Plaintiffs have deemed a "Jew Exclusion Zone."  Dkt. 27 at 3–4.  Plaintiffs do not address USC's arguments regarding how Plaintiffs' putative classes include the members of JVP, who Plaintiffs accuse of creating the purported "Jew Exclusion Zone" and the conduct of which Plaintiffs complain.  *See* Dkt. 27.

As Plaintiffs seek to bring class claims on behalf of a class that includes members of Defendant JVP, which Plaintiffs allege "created, maintained,

7

orchestrated, and engineered" the protest "Encampment" and "orchestrated" the protests, Compl. ¶¶ 5, 9, and engaged in the speech and conduct of which Plaintiffs complain, *id.* ¶¶ 6, 9–11, the court finds Plaintiffs cannot make a *prima facie* showing of Rule 23's requirements on the face of the Complaint. *See Vinole*, 571 F.3d at 942.

The court, therefore, GRANTS USC's Motion and GRANTS in part JVP's Motion, and STRIKES Plaintiffs' class allegations. As Plaintiffs did not request leave to amend, and it is clear that the deficiencies of the Complaint cannot be cured by amendment based on the nature of Plaintiffs' allegations against JVP, leave to amend is DENIED.

### B.    Allegations Regarding JVP

JVP contends "[t]he Complaint repeatedly and falsely impugns JVP as 'Hamas-supporters' or Hamas aligned," as a 'designated terrorist organization,' and 'Jew-hating.'" Dkt. 31 at 23 (citations omitted). According to JVP, "[t]his language should be stricken as it bears no possible relation to the controversy in this case and will prejudice JVP." *Id.* (cleaned up).

Plaintiffs' claims center on conduct that occurred during the protests on USC's campus, regarding the Israel-Hamas War in Gaza, Palestine, and the challenged allegations may bear on an issue in the litigation.[5] Given the limited importance of pleadings in federal practice, the court DENIES in part JVP's Motion to Strike these allegations from the Complaint. *See Platte*, 352 F. Supp. 2d at 1057.

/ / /

/ / /

/ / /

---

[5] Given the limited importance of pleadings in federal practice, JVP's concerns regarding potential prejudice related to the challenged allegations are more properly the subject of a motion *in limine* to exclude such references at trial than a motion to strike.

8

## **CONCLUSION**

For the reasons stated, the court GRANTS USC's Motion, GRANTS in part JVP's Motion, and STRIKES Plaintiffs' class allegations from the Complaint without leave to amend.[6]  JVP's Motion to Strike is otherwise DENIED.  The court will address JVP's Motion to Dismiss pursuant to Rule 12(b)(6) in a separate order.

IT IS SO ORDERED.

Dated: March 31, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[6] Having granted the Motions for the reason stated, the court need not address the parties' remaining arguments.

9